**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**LUIS M. ROMAN,**

                                                    **Petitioner,**

     **-v.-**                                                   **9:06-CV-0230**
                                                            **(NAM)(GHL)**

**JOHN DONELLI, Superintendent,**

                                                    **Respondent.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**LUIS M. ROMAN**
03-A-6264
Petitioner, *pro se*

**HON. ANDREW M. CUOMO**              **FREDERICK H. WEN, Esq.**
New York State Attorney General          Assistant Attorney General
Attorney for Respondent

**GEORGE H. LOWE, United States Magistrate Judge**

**DECISION and ORDER**

        Petitioner Luis M. Roman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254 challenging an Albany County Court conviction for assault in the second degree.  *See* Dkt.

No. 1.  Respondent filed a Response in opposition to the Petition.  Dkt. Nos. 10, 11.

        Currently before the Court are Petitioner's motion to stay this proceeding in order that he

may exhaust his state court remedies with regard to unexhausted claims and his motion to expand

the record.  Dkt. Nos. 12 and 16.  Respondent opposes both motions.  Dkt. Nos. 13 and 17.

Petitioner has replied to Respondent's opposition to his request for a stay.  Dkt. No. 14.

**I.      Motion for a stay**

        As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir.

2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas

petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

are considerable.  In cases such as this, where the petitioner seeks to pursue additional unexhausted

claims in state court, as well as cases where the court is presented with a "mixed petition"

containing both exhausted and unexhausted claims, the district court must consider both the

timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or

successive petitions in determining the proper disposition of the petition.  The Second Circuit ruled

in *Zarvela* that when presented with a mixed petition, the district court may dismiss without

prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of

state remedies; however, if dismissal would "jeopardize the timeliness of a collateral attack" the

district court should stay the petition.  *Zarvela*, 254 F.3d at 380.  The Second Circuit went on to

state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take

an undue amount of time to pursue state court remedies."  *Id*.  The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted claims
> and stay proceedings as to the balance of the petition, the court should condition the
> stay on the petitioner's initiation of exhaustion within a limited period, normally 30
> days, and a return to the district court after exhaustion is completed, also within a
> limited period, normally 30 days.  With the time to initiate exhaustion and to return
> to federal court thus limited, a stay of the exhausted claims will often be preferable to
> a dismissal of the entire petition because such a stay will reflect the continued
> viability of the initially filed exhausted claims.

*Id*. at 381.

In this case, where the New York Court of Appeals denied Petitioner leave to appeal on

August 29, 2005,[1] Petitioner's conviction became "final" for purposes of the AEDPA no later than

---

[1] *See People v. Roman*, 5 N.Y. 3d 809 (Aug. 29, 2005).

November 28, 2005,[2] and the one year statute of limitations began to run on that date.  Absent any

tolling, the statute of limitations would have expired on or about November 28, 2006.  28 U.S.C. §

2244(d)(1)(A) provides, however, that the limitations period may be tolled during the pendency of a

properly filed application for state post conviction relief.[3]  While Petitioner did file a motion

pursuant to New York Criminal Procedure Law (CPL) § 440 with the trial court on August 21,

2004, the motion was denied on December 20, 2004 and leave to appeal was denied by the

Appellate Division, Third Department on February 16, 2005.  Dkt. No. 10, Memorandum of Law at

10-12.  Since Petitioner's CPL 440 motion was filed and denied before the AEDPA statute of

limitations began to run, the statute of limitations was not tolled during the time this motion was

pending.  Thus, Petitioner's statute of limitations expired on November 28, 2006.  Because

dismissal of this Petition would jeopardize Petitioner's ability to timely file a renewed petition after

state court exhaustion of his additional claims is completed, a stay is clearly preferable.

Relying in part upon *Rhines v. Weber*, 125 S.Ct. 1528 (2005), Respondent argues that the

granting of a stay is inappropriate in this case.  In *Rhines*, the Supreme Court stated:

> Stay and abeyance, if employed too frequently, has the potential to
> undermine these twin purposes. Staying a federal habeas petition
> frustrates AEDPA's objective of encouraging finality by allowing a
> petitioner to delay the resolution of the federal proceedings.  It also
> undermines AEDPA's goal of streamlining federal habeas
> proceedings by decreasing a petitioner's incentive to exhaust all his
> claims in state court prior to filing his federal petition ... For these

---

[2] A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety
days during which the party could have sought certiorari in the United States Supreme Court.
*Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme
Court of the United States).

[3] The filing of a federal habeas corpus petition does not toll the AEDPA's statute of
limitations.  *Duncan v. Walker*, 531 U.S. 991 (2001).

> reasons, stay and abeyance should be available only in limited circumstances ... Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 125 S.Ct. at 1534-35.

The Supreme Court cautioned however, that

> ... it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief").

*Rhines*, 125 S.Ct. at 1535.

While Petitioner's claims **may** ultimately prove to be without merit, the Court cannot conclude at the present time that Petitioner's claims are "plainly meritless," and therefore Petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of habeas corpus petitions underlying the AEDPA.  Moreover, the Court has been presented with no evidence that Petitioner has engaged in intentionally dilatory tactics.

Accordingly, in light of *Zarvela*, and in the interest of preserving the viability of Petitioner's claims, the Court grants Petitioner's request subject to the limitations set forth herein.  Further

proceedings in this matter are hereby stayed in order that Petitioner may promptly pursue his additional claims in state court and, if necessary, return to this Court after exhaustion is completed.[4]

## II.     Motion to expand the record

Petitioner has also made a motion to expand the record to include papers submitted in support of an appeal from an Article 78 proceeding in state court, medical records of the victim which were submitted to the trial court, and various other documents.  Dkt. No. 16. Respondent opposes the motion to expand the record.  Dkt. No. 17.

Rule 7 of the Rules Governing Section 2254 Cases permits the Court to direct the parties to supplement the state court record with materials **relating** to the petition.  Rule 7(b) states items that may be used to expand the record include "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge."  The decision of whether to order Rule 7 expansion is within the sound discretion of the district judge.  *See Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.) (holding that record expansion is left to discretion of the district court), *cert. denied*, 488 U.S. 928 (1988).

Petitioner asks to include in the record a copy of his papers submitted in support an appeal in state court.  Dkt. No. 16 at 1.  Petitioner appealed from a judgment entered in Albany County Supreme Court which denied Petitioner's application filed pursuant to N.Y. Civil Practice and Procedure Law Article 78 to compel the Albany County District Attorney to dismiss Petitioner's indictment.  *See* Dkt. No. 16, Attachment.  Petitioner wants his appellate application to be made part of the record to show that Petitioner did attempt to exhaust his claim that the prosecutor improperly

---

[4] To the extent that any of Petitioner's state court proceedings address **new** claims, Petitioner is advised that once any **new** claim is fully exhausted in state court, **he must file a motion to amend his petition to set forth the additional, newly exhausted claims**.

used a prior misdemeanor to indict Petitioner for a later crime.  Dkt. No. 16 at 1; *see also* Dkt. No. 1 at 5-6.  New York courts have held that an Article 78 Proceeding "is not the proper vehicle through which a prisoner could seek to collaterally challenge a conviction."  *Martino v. Berbary*, No. 03-CV-0923, 2005 WL 724133, at *4 (W.D.N.Y. Mar. 30, 2005) (*citing People ex rel. Hatzman v. Kuhlmann*, 191 A.D.2d 976, 977 (4th Dept. 1993).  "'[T]raditional orderly procedure' requires that such contentions be raised either on direct appeal or in collateral criminal proceedings commenced in the court of original jurisdiction." *Hatzman*, 191 A.D. at 977 (citation omitted).  Additionally, in deciding Petitioner's appeal, the Appellate Division, Third Department stated the Petitioner "may not obtain CPLR article 78 collateral review of a County Court's decision."  *Roman v. Clyne*, 33 A.D.3d 1159 (3rd Dept. 2006). Since Petitioner's Article 78 Proceeding is not the proper vehicle to collaterally challenge his criminal conviction, Petitioner's Article 78 proceeding has no relevance to whether or not Petitioner has exhausted any of his claims.

The Court has reviewed the remaining documents submitted by the Petitioner, including medical records of the victim submitted at trial, and finds that they are also not necessary to a determination of Petitioner's claims.

Accordingly, Petitioner's motion to expand the record is **denied**.

**WHEREFORE**, based on the foregoing, it is hereby

**ORDERED**, that Petitioner's request to stay this action (Dkt. No. 12) is **granted**, and further proceedings in this matter are hereby **stayed**, on the following terms and conditions:  **Within thirty (30) days** of the filing date of this Order, Petitioner shall commence in the appropriate state court one or more post-conviction proceedings by which he asserts the claims for relief which formed the basis of his stay request, and it is further

**ORDERED**, that **within thirty (30) days** of the resolution of Petitioner's state court proceeding(s), Petitioner must file a motion for leave to amend his petition to set forth the newly exhausted claims.  Petitioner's motion must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of the Northern District and must be accompanied by a proposed amended petition which is a complete pleading.  Petitioner must also provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claims, and it is further

**ORDERED**, that Petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

**ORDERED**, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

**ORDERED**, that Petitioner's request to expand the record (Dkt. No. 16) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

Dated: April 9, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

7