UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS M. ROMAN,

                              Petitioner,

  -v.-                                                     9:06-CV-0230
                                                                    (NAM)(GHL)

JOHN DONELLI, Superintendent,

                              Respondent.

---

APPEARANCES:                                    OF COUNSEL:

LUIS M. ROMAN
03-A-6264
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, NY 12831
Petitioner, *pro se*

HON. ANDREW M. CUOMO                FREDERICK H. WEN, Esq.
New York State Attorney General         Assistant Attorney General
120 Broadway
New York, NY 10271
Attorney for Respondent

GEORGE H. LOWE, United States Magistrate Judge

**DECISION and ORDER**

**I.**     **Background**

      On February 23, 2006, Petitioner Luis M. Roman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging an Albany County Court conviction for assault in the second degree. *See* Dkt. No. 1. Respondent filed a Response in opposition to the Petition. Dkt. Nos. 10, 11. Thereafter, Petitioner filed a motion to stay this proceeding in order to exhaust his state court remedies. Dkt. No. 12. By Order of this Court filed April 9, 2007, Petitioner's

motion for a stay was granted. Dkt. No. 19. The April 9, 2007 Order set forth specific deadlines for Petitioner to follow in filing his state court challenge and in reporting back to the Court. *Id*. Petitioner was also directed to provide a copy of the state court decision concerning the disposition of the newly exhausted claims. *Id*. The April 9, 2007 Order also advised Petitioner that to the extent that the state court proceedings addressed new claims not contained in the original petition, Petitioner must file a motion for leave to amend his petition to set forth the new claim(s).

Thereafter, Petitioner submitted a motion to amend the original petition (Dkt. No. 26) and a request to lift the stay (Dkt. No. 36). Respondent opposed the motion to amend. Dkt. No. 27. Petitioner replied to Respondent's opposition. Dkt. No. 29. By Decision and Order of this Court filed February 20, 2008, the stay was lifted and Petitioner's motion to amend his Petition was denied. Dkt. No. 37. Currently before the Court is Petitioner's motion for reconsideration of the February 20, 2008 Decision and Order. Dkt. No. 38. Respondent opposes the motion. Dkt. No. 39. Petitioner has replied to Respondent's opposition. Dkt. Nos. 40, 41.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used

as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). In other words,."[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments that a party could have made but neglected to make before judgment." *Brown v. Middaugh*, No. 96-CV-1097, 1999 WL 242662, *1 (N.D.N.Y. Apr. 21, 1999) (citation omitted).

Petitioner does not suggest either that there has been an intervening change in the controlling law or that he has discovered new evidence, therefore it appears that Petitioner seeks to argue that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.

Petitioner argues that his claims of ineffective assistance of **appellate** counsel do relate back to the claims in his original Petition regarding ineffective assistance of **trial** counsel and therefore should be considered timely. Dkt. No. 38. The ineffective assistance of trial counsel claims asserted in his original Petition are: (1) trial counsel failed to preserve Petitioner's right to testify before the grand jury; (2) trial counsel "failed to put a witness for the defense on the stand although witness was present in the courtroom," and (3) trial counsel "attempted to have defendant sign papers to allow the people to present a misdemeanor case ... show[ing] prejudice" on the part of trial counsel. Dkt. No. 1 at 4. Petitioner's proposed ineffective assistance of appellate counsel claim would assert that appellate counsel was ineffective for failing "to raise a claim at the Appellate Division to a violation of Defendant's constitutional rights to a fair trial in violation of due process." Dkt. No. 29 at 11. In an attempt to more clearly understand Petitioner's proposed ineffective assistance of appellate counsel claim, the Court has reviewed

the Petition for Writ of Error Coram Nobis filed by Petitioner in state court. Dkt. No. 29 at 15-38. From that document, it appears that Petitioner's ineffective assistance of appellate counsel claim rests on the following arguments: (1) appellate counsel was ineffective for failing to raise the "claim or Expert Testimony" as a claim of constitutional dimension, having raised it only "as a state court violation;" and (2) appellate counsel was ineffective for failing to raise "the Claim of ineffective assistance of Counsel that was brought up by the Appellate-Defendant in his 440 motion." Dkt. No. 29 at 23.

"In determining whether the claim arises out of the same conduct or occurrence, '[t]he pertinent inquiry ... is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815 (2d Cir. 2000) (quoting *Wilson v. Fairchild Republic Co.,* 235 F.3d 733, 738 (2d Cir.1998)). There is nothing in the original Petition which gave Respondent fair notice of the ineffective assistance of appellate counsel claims now asserted, therefore, as previously determined in the February 20, 2008 Decision and Order, the assertion of these new claims does not relate back to the filing of the original petition.

Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on Petitioner. Accordingly, the Court denies Petitioner's motion for reconsideration.

WHEREFORE, after reviewing the entire file in this matter, Petitioner's submissions and the applicable law, and for the reasons stated herein, it is hereby

ORDERED that Petitioner's motion for reconsideration (Dkt. No. 38) is **DENIED**; and it

is further

ORDERED that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.


Dated: April 16, 2008
       Syracuse, New York

                                                    _____
                                                    George H. Lowe
                                                    United States Magistrate Judge