UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ROMAN,<br><br>                Petitioner,<br><br>vs.<br><br>JOHN DONELLI, Superintendent,<br><br>                Respondent. | No. 9:06-cv-00230-JKS<br><br>MEMORANDUM DECISION |

Petitioner Luis Roman, appearing *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently in the custody of the New York State Department of Correctional Services incarcerated at the Bare Hill Correctional Facility. Following a trial by jury, Petitioner was convicted of Assault in the Second Degree (N.Y. Pen. Law § 265.03(1) in the Albany County Supreme Court. Petitioner was sentenced, as a second felony offender, to a determinate term of seven years. Respondent has answered the petition; Petitioner has not filed a traverse.

I.  PRIOR PROCEEDINGS

Petitioner, through counsel, timely appealed his conviction to the Appellate Division, Third Department, which affirmed his conviction on June 9, 2005, and the New York Court of Appeals denied leave to appeal on August 29, 2005. *People v. Roman*, 796 N.Y.S.2d 430 (N.Y.A.D.), *lv. denied*, 836 N.E.2d 1161 (N.Y. 2005). On August 21, 2004, Petitioner, appearing *pro se*, filed a motion to vacate his conviction and set aside his sentence under N.Y. Criminal Procedure Law ("CPL") §§ 440.10/440.20 in the Albany County Supreme Court, which denied his motion on December 20, 2004. The Appellate Division, Third Department, denied leave to appeal on February 16, 2005. Petitioner timely filed his petition in this Court on January 25, 2006.

The petition before this Court was "stayed and abeyed" while Petitioner exhausted his state court remedies. On April 18, 2007, Petitioner filed a second motion to set aside his

conviction under CPL §§ 440.10/440.20 in the Albany County Supreme Court, which motion was denied June 1, 2007. The Appellate Division, Third Department, denied leave to appeal on September 6, 2007. Sometime prior to July 5, 2007, Petitioner filed a motion for a writ of Error *Coram Nobis* in the Appellate Division, Third Department, which summarily denied the motion without opinion or citation to authority.[1]

## II.  STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000), which in this case was that of the Appellate Division, Third Department, affirming his conviction and the Albany County Supreme Court on his CPL §§ 440.10 motions. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

If a federal claim has not been adjudicated on the merits, AEDPA deference is not required. *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003). In that situation, conclusions of law and mixed questions of fact and conclusions of law are reviewed *de novo*. *DeBerry v. Portuondo*, 403 F.3d 57, 67 (2d Cir. 2005). Where there is no reasoned decision of the state court addressing the ground or grounds raised by the Petitioner on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo*

---

[1] Although the record shows that Petitioner requested leave to appeal denial of his motion for a writ of Error *Coram Nobis* to the New York Court of Appeals, the record does not reflect that a ruling on that request has been made. In the interests of not further delaying resolution of this matter, for the purposes of disposing of the petition before this Court, it is assumed that leave has been denied.

on the record before it.  *See Spears v. Greiner*, 459 F.3d 200, 203–04 (2d Cir. 2006) (applying the *Strickland* standards).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief.  This Court may only address violations of federal law.  28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.  *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).  It is also presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.  *Fry v. Piler*, 551 U.S. ___, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

### III.  GROUNDS RAISED/DEFENSES

Petitioner raises four grounds: (1)  Ineffective assistance of counsel; (2) the prosecution improperly used a misdemeanor to indict the Petitioner; (3) the use of inculpatory statements in violation of Petitioner's *Miranda* rights; and (4) improper admission of expert medical testimony.  Respondent contends that the second and fourth grounds are unexhausted and procedurally defaulted.

### IV.  DISCUSSION

Ground 1:  Ineffective Assistance of Counsel.

Petitioner contends that Counsel failed to:  1) preserve defendant's right to testify before the Grand Jury; 2) bring a witness who was present in the courtroom to the witness stand to testify; and 3) delay a pretrial hearing in order to examine another detective.

To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). *Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions. Indeed, the Supreme Court admonished in *Strickland*, 466 U.S. at 689 (internal citations and quotation marks omitted):

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

The Albany County Supreme Court, in denying Petitioner's first CPL § 440.10 motion, held:

> To prevail on a claim of ineffective assistance of counsel, "it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's [alleged] failure[s]" (see, People v. Chrysler, 6 AD3d 81 2 [3d Dept. 2004], citing People v. Rivera, 71 NY2d 705 [1988]). "[D]efendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice." (see, People v. Flores, 84 NY2d 184, 187 [1994]).

Defendant contends that his counsel was ineffective by: 1) failing to preserve defendant's right to testify before the Grand Jury; 2) failing to bring a witness who was present in the courtroom to the witness stand to testify; 3) failing to delay a pretrial hearing in order to examine another detective; 4) failing to present some evidence in the victim's medical report regarding where the victim was injured; and (5) failing to present a witness who was under Judicial Subpoena (the defendant failed to articulate whether this is the same witness referred to in #2 above).

"The failure to move to dismiss an indictment for failure to afford a defendant the opportunity to testify before a Grand Jury, standing alone, is insufficient to demonstrate that a defendant was denied meaningful representation" (see, People v. Hoppe, 244 AD2d 764, 765 [3rd Dept. 1997], lv. denied 91 NY2d 973 [1998]).  In this case, defendant's attorney filed a motion in an attempt to secure defendant's right to testify before the Grand Jury. Defendant's attorney's unsuccessful attempt to secure defendant's right to testify before the Grand Jury does not render such attorney's assistance ineffective.  As previously stated, such issue has been preserved for defendant's appeal, actually pending.

The Court notes that the defendant's trial counsel appeared prepared throughout his opening and closing statements, made many objections during trial, and effectively cross-examined the People's witnesses.  The defendant's litany of contentions regarding the inadequacy of his trial counsel constitutes a classic attempt to accord undue significance to retrospective analysis (see, People v. Baldi, 54 NY2d 137 [1981]).  Defendant's contentions are bald and conclusory, and completely fail to demonstrate the absence of strategic or other legitimate explanations for his trial counsel's alleged actions or inactions. The Court notes that defendant's trial counsel's services at trial resulted in a jury verdict of not guilty of assault in the first degree (a class B violent felony).  The defendant has failed to demonstrate that he was deprived of a fair trial by less than meaningful representation due to any deficiency of his trial counsel (People v. Benn, 68 NY2d 941 [1986]).  This Court concludes that defendant received meaningful assistance of counsel and that the constitutional requirements have been met (see, People v. Baldi, supra).

This Court cannot say that the decision of the Albany County Supreme Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e.*, the

state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Petitioner has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced, as required by *Strickland-Hill*.  In particular, Petitioner has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   Petitioner is not entitled to relief on his first ground.

Ground 2:  Improper use of Misdemeanor by Prosecution.

Petitioner argues that prosecutor improperly used a misdemeanor in an unrelated case to the crime with which Petitioner was charged to secure the indictment and prevented Petitioner from testifying before the grand jury in violation of state law.

To the extent it addressed Petitioner's arguments, the Appellate Division, Third Department, held (796 N.Y.S.2d at 432) (citations omitted)):

> Next, defendant was not denied his statutory right to testify before the grand jury. When he presented this issue to Supreme Court, defendant claimed that he had sent written notification of his request to both the District Attorney and to the court.  Inasmuch as the District Attorney denied receipt and the court's search of its own records failed to verify defendant's claim, Supreme Court did not err in refusing to dismiss the indictment.

Analysis starts with the basic proposition that the Fifth Amendment right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment. *Brazenburg v. Hayes*, 408 U.S. 665, 688 n. 25 (1972), citing *Hurtado v. California*, 110 U.S. 516, 534–35 (1884).  Consequently, an infirmity in state grand jury procedures in criminal prosecutions does not, itself, raise any Constitutional issue.[2]  Any infirmity in state criminal grand jury proceedings, standing alone without some other Constitutional infirmity, is a product of state law, which, as noted above, is beyond the purview of this Court in a federal habeas proceeding.  Petitioner is not entitled to relief on his second ground.[3]

---

[2] The federal cases cited by Petitioner to support his arguments are inapposite.

[3] Respondent contends that this ground is unexhausted and procedurally barred.  The Court need not reach those issues as it may deny the petition on the merits notwithstanding the failure of the petitioner to fully exhaust his state court remedies.  28 U.S.C. § 2254(b)(2).

Ground 3:  (*Miranda* Violation).

After having been given the *Miranda* warning and in custody Petitioner made an inculpatory statement to the police.  Petitioner contends this statement was made in response to police interrogation, not a spontaneous statement.  The facts, as found by the Albany County Supreme Court after a hearing at which only an arresting officer testified, were:

> While on duty on January 27, 2003 at approximately 7:50 PM, City of Albany Police Detective Joseph Severance, along with other members of the Albany Police Department, traveled to the Getty Station at the corner of Central Avenue and Ontario Street for the purpose of speaking with employee Luis Ramon, the defendant, who had been accused of assaulting one James Smith days earlier.  Detective Severance found the defendant at work and asked him to come to the Albany South Station to answer some questions about the alleged assault.  The defendant agreed.
>
> On the way to the police station Detective Severance read Miranda warnings to the defendant from a card.  When they arrived at the station, the defendant was taken to an interview room where he was asked if he would like to speak with the officers.
>
> The defendant replied that he thought he should have an attorney.  Thereafter, no questioning took place.  The defendant was then arrested and taken to be booked.  During the booking procedure, the defendant said, "I didn't do it. James had a seizure and I left when he asked me to," or words to that effect.

Based on these facts, which Petitioner has not rebutted by clear and convincing evidence, the Albany County Supreme Court found the statement was spontaneously volunteered and admissible.  The Appellate Division summarily affirmed, stating: (796 N.Y.S.2d at 431) (citations omitted):  "Defendant's postarrest statement to the police that he had been in the victim's apartment but did not cause the victim's injuries was spontaneous, and Supreme Court properly declined to suppress it."

Under such circumstances, such as here, where an accused has not waived his *Miranda* rights, any statements made to the police must be spontaneous and not the result of interrogation.  *See Arizona v. Mauro,* 481 U.S. 520, 525–26 (1987) (once an accused has "expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation . . . unless the accused himself initiates further communication, exchanges, or conversations with the police") (quoting *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981)).  Based upon the record, this Court cannot say that the decision of the Albany County Supreme Court or the decision of

the Appellate Division affirming it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Petitioner is not entitled to relief on his third ground.

        Ground 4:  Improper Admission of Expert Medical Testimony.

Petitioner contends that the admission of the testimony of a medical expert witness who had not examined the victim as to the probable cause of the victim's injuries denied him due process.  The Appellate Division summarily rejected Petitioner's argument (796 N.Y.S.2d at 231) (citations omitted):  "Also unavailing is defendant's assertion that the court erred in permitting a nonexamining physician to review defendant's[4] medical records already in evidence and testify that the multiple fractures to the victim's face and his punctured lung were not caused by a seizure."

Petitioner has not cited nor has independent research by the Court found any decision holding that it was error, constitutional or under Federal Rule of Evidence 702, the federal counterpart to the New York rule governing admission of expert testimony, that precludes a medical expert from testifying as to his opinion based upon medical records.[5]  Accordingly, given the total absence of federal authority excluding the evidence, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see Eisemann v. Herbert*, 401 F.3d 102, 110

---

[4] "Defendant's" appears in the original.  Review of the record indicates this should be a reference to the victim's medical records, not the defendant's.

[5] Petitioner has not objected to either the admissibility of the medical records or the qualification of the witness to testify as an expert.

(2d Cir. 2005); *McKinney v. Artuz*, 326 F.3d 87, 103 (2d Cir. 2003).  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Petitioner is not entitled to relief on his fourth ground.[6]

## V.  CONCLUSION AND ORDER

Petitioner is not entitled to relief on any of the grounds raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).  To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, in its decision on appeal no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  May 1, 2008.

s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge

---

[6] Respondent contends that this ground is unexhausted and procedurally barred.  The Court need not reach those issues as it may deny the petition on the merits notwithstanding the failure of the petitioner to fully exhaust his state court remedies.  28 U.S.C. § 2254(b)(2).